**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 8, 2021

**VIA ECF**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
New York, New York 10007

5/19/2021
The request to modify bail is denied. SO ORDERED.

*[signature: Paul A. Crotty]*

Re: *United States v. Felix Dominguez-Bido*
    20-CR-0034(PAC)

Dear Judge Crotty:

We write seeking the Court's Order modifying Felix Dominguez-Bido's bail conditions, from "home incarceration" to curfew electronic monitoring at the direction of Pre-Trial Services. While the prosecution objects to Mr. Dominguez-Bido's request, Pre-Trial Services consents to this request.

On January 7, 2020, Mr. Dominguez-Bido was detained on consent and without prejudice in the instant matter. On April 10, 2020, in response to a bail application and over the prosecution's objection, the Court ordered Mr. Dominguez-Bido's release from detention at MDC-Brooklyn to home incarceration, citing the COVID-19 pandemic and the risks of continued incarceration for Mr. Dominguez-Bido as "compelling reasons" to justify his release. Mr. Dominguez-Bido was ordered to be released on a $25,000 personal recognizance bond co-signed by two financially responsible persons and reside in the Bronx with his wife, Angelica Jimenez.

Since Mr. Dominguez-Bido obtained bail, he has remained compliant under the supervision of Pre Trial Services. Mr. Dominguez-Bido, who has received permission from Pretrial Services to attend meetings with defense counsel as well as medical appointments, has fully complied with its parameters and returned home on time and without incident. Pre-Trial Officer Bernisa Mejia informed undersigned counsel that Mr.

Dominguez-Bido has had no incidents of lack of compliance during the year of supervision and has been a pleasure to supervise.

As it has been over a year since Mr. Dominguez-Bido began his term of home incarceration on this illegal reentry matter without incident, he seeks to obtain a modification of his bail conditions. Specifically, Mr. Dominguez-Bido requests a curfew modification to be set and modified at the direction of Pre-Trial Services.

Pre-Trial Services has previously granted Mr. Dominguez-Bido permission to leave his home on a case-by-case basis. A modification would allow Mr. Dominguez-Bido to be of more assistance to his wife, who has been maintaining the household alone throughout the year. A curfew would allow Mr. Dominguez-Bido to assist her with running errands, food shopping, and any other tasks that she alone has bore the burden of carrying for the family.

Mr. Dominguez-Bido's proposed downgrading of his home incarceration, which will still require electronic location monitoring, is sufficient, but not greater than necessary, to reasonably assure his presence in court and the safety of the community. See 18 U.S.C. § 3142(c)(1)(B) (referring to the need to impose "the least restrictive" conditions necessary to reasonably assure a defendant's appearance as required and the community's safety). Mr. Dominguez-Bido has been on bail for eleven months without incident; he meets with his attorneys at their offices and has received several, one-time modifications to leave home to attend appointments. On each occasion, Mr. Dominguez-Bido has returned home on time, communicated effectively with Officer Mejia, and scrupulously adhered to the remainder of his conditions. Mr. Dominguez-Bido's exemplary record on bail should give the Court confidence and weighs in favor of the narrow modification he respectfully seeks.

Respectfully submitted,

*Marisa K. Cabrera*
_____
Marisa K. Cabrera
Isaac Wheeler
Assistant Federal Defenders
917-890-7612

Cc: AUSA Ni Qian