UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

United States of America, :

                                                              : 20 Cr. 34 (PAC)

   - against - :

                                                              : **OPINION & ORDER**

Felix Augustin Dominguez-Bido, :

   Defendant. :

-------------------------------------------------------------------X

On March 17, 2021, the Court denied Defendant Felix Augustin Dominguez-Bido's motion to dismiss his indictment charging him with unlawful reentry under 8 U.S.C. § 1326(a). *United States v. Dominguez-Bido*, No. 20 CR. 34 (PAC), 2021 WL 1026386 (S.D.N.Y. Mar. 17, 2021). On the heels of that decision, however, the Supreme Court issued *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which held that the stop-time rule in immigration removal proceedings triggers only where a *single* notice to appear contains all of the information items set forth under 8 U.S.C. § 1229(a)(1).

Given *Niz-Chavez*'s relevance to this case, the Court granted the Defendant leave to file additional motions.[1] (Order, ECF 42.) The Defendant now moves for reconsideration of the Court's March 17 decision on the ground that *Niz-Chavez* has abrogated its reasoning. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

Familiarity with the underlying facts is presumed. In April 2000, the Defendant—a Dominican Republic national—pled guilty to cocaine distribution charges in the District of

---

[1] In its April 30 scheduling order, the Court directed the Defendant to submit additional motions by May 14; the Government to submit its response by May 21; and the Defendant to reply by May 27. (Order, ECF 42.)

Massachusetts. *Dominguez-Bido*, 2021 WL 1026386, at *1. Because of that conviction, Immigration and Customs Enforcement (ICE) served the Defendant with a Form I-862 captioned Notice to Appear (NTA), charging him with removability from the United States. *Id.*

This motion arises from what the NTA failed to include. The NTA failed to include the date, time, and place of the Defendant's removal hearing. *Id.* Instead, it explained that this information would be provided at a future date by supplemental notice. *Id.* And true to its word, ICE served a supplemental notice with that information in May 2004. *Id.*

The Defendant's removal hearing before an Immigration Court occurred on May 6, 2004. *Id.* at *2. The Defendant appeared *pro se*. *Id.* At the hearing, the Defendant waived his rights to legal counsel and appeal, and conceded the grounds for his removal from the United States. *Id.* He was then removed. *Id.*

Sometime following his removal, the Defendant returned to the United States. *Id.* And in July 2019, he was arrested in the Bronx for stabbing another person with a knife.[2] *Id.* For this crime, the Defendant was charged with unlawful reentry, in violation of 8 U.S.C. § 1326(a). *Id.*

In December 2020, the Defendant moved to dismiss his indictment on the ground that the Immigration Court that had ordered his removal acted without jurisdiction. (ECF 33.) According to the Defendant, the Immigration Court acted without jurisdiction because the NTA that was served on him did not contain the date, time, or place of his removal hearing. *Dominguez-Bido*, 2021 WL 1026386, at *2. Because a valid prior removal is an element of the

---

[2] The Defendant suffers "from a host of serious mental health issues including variations of schizophrenia, schizoaffective disorder, bipolar disorder, major depressive disorder, and substance abuse disorders." *United States v. Dominguez-Bido*, No. 20 CR. 34 (PAC), 2021 WL 1026386, at *1 (S.D.N.Y. Mar. 17, 2021) (cleaned up).

2

offense of illegal reentry, Dominguez-Bido argued that the Government could not establish an essential element of the charged offense. *Id.*

The Court, however, disagreed. Relying on *Banegas Gomez v. Barr*, 922 F.3d 101, 111 (2d Cir. 2019), it held that the Immigration Court acted with jurisdiction because the supplemental notice notified the Defendant of the date, time, and place of his removal hearing. *Dominguez-Bido*, 2021 WL 1026386, at *6–8. Alternatively, the Court also found that the Defendant failed to satisfy Section 1326(d)'s procedural requirements for collaterally attacking an underlying removal. *Id.* at *3–6. Hence, it denied the Defendant's motion to dismiss his indictment.

The Defendant now moves for reconsideration of the Court's ruling in light of the Supreme Court's recent decision in *Niz-Chavez*, 141 S. Ct. at 1474. In *Niz-Chavez*, the Supreme Court held that a single NTA must contain all of the information items set forth under 8 U.S.C. § 1229(a)(1) in order to trigger the stop-time rule in immigration proceedings. *Id.* at 1486. Applying that reasoning here, the Defendant contends that a *single* NTA must also contain all of the relevant information (e.g. time, place, and date of the removal hearing) to vest jurisdiction in an Immigration Court. And because that did not occur here, he argues that his prior removal is void for lack of jurisdiction.

The Court need not resolve this argument because the Supreme Court's recent decision in *United States v. Palomar-Santiago*, No. 20-437, 2021 WL 2044540 (U.S. May 24, 2021), forecloses the Defendant's case. In *Palomar-Santiago*, Justice Sotomayor (writing for a unanimous court) held "that each of the statutory requirements of [8 U.S.C.] § 1326(d) is mandatory." *Id.* at *5. Justice Sotomayor's well-reasoned opinion shuts the door on the Defendant's motion for reconsideration. *Id.* The Defendant has failed to satisfy Section

3

1326(d)'s procedural requirements and so, he cannot collaterally attack his 2004 removal.[3] *Dominguez-Bido*, 2021 WL 1026386, at *3–6. ("In conclusion, Dominguez-Bido has not satisfied the procedural requirements set forth in Section 1326(d). Accordingly, he cannot challenge the validity of his removal order upon which his illegal reentry charge is predicated and his motion to dismiss must be denied."). Hence, the Defendant's motion for reconsideration is denied.[4]

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is **DENIED** and the oral argument, scheduled to go forward on June 9, 2021, is **CANCELLED** as moot.[5] The parties are directed to provide a status update to the Court on this matter by July 9.

Dated: New York, New York  
June 1, 2021

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge

---

[3] In *Palomar-Santiago*, Justice Sotomayor engaged in a close textual analysis of Section 1326(d) and concluded that its requirements were mandatory. 2021 WL 2044540 at *4–5. This Court conducted a similar analysis and reached the same conclusion in its March 17 opinion, which held, "[T]he text of Section 1326(d) does not carve out an exception for jurisdictional challenges. Rather it is clear as it is categorical that an alien may not challenge the validity of the deportation order unless its requirements are met." *Dominguez-Bido*, 2021 WL 1026386, at *3 (cleaned up).

[4] Even if the Court were to reach the substantive jurisdictional issue, *Niz-Chavez* does not provide grounds to reverse course under the Second Circuit's decision in *Banegas-Gomez*, 922 F.3d at 111. In *Banegas-Gomez*, the Second Circuit distinguished the stop-time rule line of cases from cases involving an Immigration Court's jurisdictional authority. *Id.* at 111. Thus, because *Niz Chavez* falls under the stop-time rule line of cases, it does not impact the outcome of this motion. *See* 141 S. Ct. at 1479.

[5] Given the dispositive effect of *Palomar-Santiago* on the outcome of this motion, the Court finds it sufficient to resolve this matter on the briefs without the benefit of oral argument.

4