UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
United States of America,  :

                                                 :    20 Cr. 34 (PAC)

  - against -                      :

                                                 :    **OPINION & ORDER**

Felix Augustin Dominguez-Bido,    :

    Defendant.                           :
------------------------------------------------------------------------X

In March 2021, the Court denied Defendant Felix Augustin Dominguez-Bido's motion to dismiss his indictment, which charged him with the offense of unlawful reentry under 8 U.S.C. § 1326(a). *United States v. Dominguez-Bido*, No. 20 CR. 34 (PAC), 2021 WL 1026386 (S.D.N.Y. Mar. 17, 2021). On May 14, Dominguez-Bido moved for reconsideration of that decision. The Court denied the reconsideration motion by written opinion on June 1. (Opinion & Order, ECF 49.) Before the Court is Dominguez-Bido's second motion for reconsideration.[1] "The purpose of a motion to reconsider is to bring to the Court's attention facts or law that the Court overlooked in considering the original motion." *United States v. Valentine*, No. 11-cr-626, 2018 WL 10140181, at *1 (S.D.N.Y. Sept. 5, 2018). Dominguez-Bido's reprisal of the same arguments as those found in his earlier briefing does not suffice to meet the reconsideration standard. *Id.*

The legal analysis to dispose of this motion is straightforward. In order to collaterally attack one's underlying removal in an unlawful reentry case, the defendant must first meet the procedural requirements contained in 8 U.S.C. § 1326(d). Under that provision, a defendant

---

[1] The relevant rule pertaining to Dominguez-Bido's motion for reconsideration is Local Criminal Rule 49.1(d), rather than Local Civil Rule 6.3. Dominguez-Bido's motion is timely, because he filed it within 14 days of the Court's June 1 Opinion and Order. *See* Local Criminal Rule 49.1(d).

must show that she (1) exhausted her administrative remedies, (2) was deprived of the opportunity for judicial review, and (3) that her removal order was fundamentally unfair. *See* 8 U.S.C. § 1326(d). As Justice Sotomayor, writing for a unanimous court, recently held: "each of the statutory requirements of § 1326(d) is mandatory." *See United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021).

In its original opinion denying the motion to dismiss, the Court found that Dominguez-Bido failed to satisfy § 1326(d)'s requirements. *See Dominguez-Bido*, 2021 WL 1026386, at *3–5. Since then, there has been no change in the law or facts that alters that conclusion. Accordingly, Dominguez-Bido's second motion for reconsideration is **DENIED**. *See United States v. Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020) (to succeed on a motion for reconsideration, a defendant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

The Court will convene an in-person conference on July 12 at noon in Courtroom 14(c) to discuss next steps. The parties are directed to provide advance notice to the Court if a guilty plea is expected to be taken at the proceeding.

Dated: New York, New York
      June 29, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge